```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


VANTAGE TRAILERS, INC.,        §
                               §
        Plaintiff,             §
                               §
v.                             §   CIVIL ACTION NO. H-08-0361
                               §
BEALL CORPORATION,             §
                               §
        Defendant.             §
```

MEMORANDUM AND ORDER

Pending are Plaintiff Vantage Trailers, Inc.'s Motion for Partial Summary Judgment (Document No. 67), Plaintiff's Motion to Exclude Defendant's Designated Experts (Document No. 103), Plaintiff's Motion to Seal Certain Exhibits to its Motion for Summary Judgment (Document No. 63), and Defendant Beall Corporation's Motion for Continuance (Document No. 70).  After carefully considering the motions, responses, replies, sur-replies, and the applicable law, the Court concludes as follows.

I. Background

Beall Corporation ("Beall") is the holder of U.S. Trademark Registration No. 1,622,364 (the "Mark"), issued November 13, 1990, covering the design of a bottom-dump truck trailer with conical, tapered front and back ends.  Document No. 67, ex. 1 (Registered

Mark). Beall markets and sells the truck as the "Beall Bullet." The Mark depicts the Bullet trailer:



Id. Plaintiff Vantage Trailers, Inc. ("Vantage") has also produced a bottom-dump trailer with conical, tapered ends. Document No. 126, exs. 1-14.

Vantage moves for partial summary judgment, contending that Beall's registered trade dress contains functional features and is therefore invalid. Document No. 67. Although Beall has filed fully briefed responses in opposition to Vantage's summary judgment motion, it also moves for a Rule 56(f) continuance. Document No. 70.

## II. Discussion

A. Beall's Rule 56(f) Motion for Continuance

Beall moves for a Rule 56(f) continuance because it has discovered that Vantage created new variations of its original bottom-dump trailer design after this case was filed on January 31,

2008. Beall wants to complete discovery on Vantage's alternative designs to bolster its opposition to the pending Motion for Summary Judgment, and claims that Vantage's new designs may establish that Vantage filed this case before it was ripe or that the case is now moot.

In this circuit, whether Vantage has created additional trailer designs is irrelevant to Vantage's argument that Beall's registered trade dress is functional. *See* Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH, 289 F.3d 351 (5th Cir. 2002). There are two tests for functionality. The first test, called the "traditional rule," finds that a product feature or design is functional if "it is essential to the use or purpose of the device or when it affects the cost or quality of the device." Id. at 355. Only if the feature or design is *nonfunctional* under the traditional rule, do courts apply a second test--the "competitive necessity" test--which asks whether the feature or design puts competitors at a "significant non-reputation-related disadvantage." Id. at 356. Vantage's motion for summary judgment attacks Beall's registered trade dress *solely under the traditional test for functionality*. Under the traditional rule, the "availability of alternative designs is irrelevant." Id. at 355 (citing TrafFix Devices, Inc. v. Marketing Displays, Inc., 121 S. Ct. 1255, 1262 (2001)).

The other reasons assigned for delay in Beall's Rule 56(f) motion are ripeness and mootness, neither of which fits the purpose

of Rule 56(f).  Moreover, the Court previously determined that this case was ripe when it was filed because Vantage had "designed, sold, and advertised a trailer that allegedly infringed [Beall's] Mark."  (Memorandum and Order dated October 27, 2008, at 9).  Even if Vantage later revised its alleged infringing trailer design, such would not change the fact that *when this suit was filed* Vantage had designed, advertised, and sold allegedly infringing trailers, and thus, there was a live controversy.  Likewise, the case is not moot because Vantage denies it has abandoned the design it used when suit was filed and, moreover, Beall claims that Vantage's new designs also infringe the same Mark.  Beall's Rule 56(f) motion is DENIED.

B.   Vantage's Motion for Partial Summary Judgment

Vantage asserts that Beall's registered trade dress, the Mark, contains functional features and is therefore invalid under the traditional test for functionality.[1]  Because Beall's Bullet trailer design is a federally registered mark, Vantage bears the burden to "demonstrate through law, undisputed facts, or a combination thereof that the mark is [functional]."  Tie Tech, Inc. v. Kinedyne Corp., 296 F.3d 778, 783 (9th Cir. 2002); *see also* Fugi Kogyo Co., Ltd. v. Pac. Bay Int'l, Inc., 461 F.3d 675, 683 (6th Cir. 2006); 1 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION

---

[1] *See supra* p. 3.

4

§ 7:72 (4th ed. 2008); 1 ANNE GILSON LALONDE, GILSON ON TRADEMARKS § 2A.04[3] (2008).

Vantage argues that the opinions in TrafFix and Eppendorf limit this Court's inquiry under the traditional test to whether the *individual* features of Beall's Mark serve a function. Before TrafFix and Eppendorf were decided, this circuit required that the functionality test focus on the "total image and overall appearance of a product" rather than its individual elements. Sunbeam Prods. v. W. Bend Co., 123 F.3d 246, 251 n.3 (5th Cir. 1997). Although TrafFix and Eppendorf focused on the individual features of the designs at issue, neither case expressly rejected the concept that the individual functional features may be arranged to produce an overall design that is nonfunctional. Although the Fifth Circuit has not fully clarified this issue, the Sixth Circuit, after TrafFix and Eppendorf, did state that "an overall design combination may be deserving of trade dress protection even if the individual elements are functional . . . ." Antioch Co. v. W. Trimming Corp., 347 F.3d 150, 157-58 (6th Cir. 2003). Moreover, district courts in this circuit have not viewed Eppendorf as overruling Sunbeam's recognition that individual functional features of a design may still produce a total non-functional configuration. *See* Kodiak Prods. Co. v. Tie Down, Inc., No. 4:03-CV-1474-Y, 2004 WL 2599353, at *4 n.2 (N.D. Tex. Nov. 12, 2004) ([D]istrict courts in the Northern District of Texas have

5

recognized that a configuration of functional features may produce a non-functional overall product under the traditional test."); Berg v. Symons, 393 F. Supp. 2d 525, 548-49 (S.D. Tex. 2005) (Rosenthal, J.) (noting but not holding that "'[t]rade dress' refers to the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques" (citing Sunbeam, 123 F.3d at 251 n. 3, and noting that it was reversed in non-pertinent part by Eppendorf, 289 F.3d 351)); McArdle v. Mattel Inc., 456 F. Supp. 2d 769, 781 (E.D. Tex. 2006) ("Trade dress of a product is essentially its 'overall image and overall appearance.'" (quoting Blue Bell Bio-Med. v. Cin-Ban, Inc., 864 F.2d 1253, 1256 (5th Cir. 1989)); *see also* 1 MCCARTHY, *supra*, § 7:76 ("When the thing claimed as a trade dress or a trademark consists of a combination of individual design features, then it is the functionality of the overall combination that controls."); 1 GILSON, *supra*, § 2A.04[6] ("Courts examine trade dress elements as a whole in order to determine whether they are functional. . . . The fact that separate elements are, by themselves, functional does not render the trade dress as a whole functional and hence unprotectable."). Likewise this Court does not read Traffix and Eppendorf as overruling Sunbeam's recognition that individual functional features of a design may still produce a total non-functional mark.

6

To determine if the overall design of a product is legally functional, "[w]hat is called for is a two-step enquiry into the functionality of both [1] the individual features and [2] the overall relationship and arrangement of those features." 1 MCCARTHY, *supra*, § 7:76; *see generally* Antioch Co. v. W. Trimming Corp., 347 F.3d 150 (6th Cir. 2003).  Here, the Court need not discuss whether the individual features are functional because, unlike the plaintiffs in TrafFix, Eppendorf, and Antioch, Beall's summary judgment evidence points to a number of arbitrary, incidental, or ornamental aspects of its registered trade dress. *Cf.* TrafFix, 121 S. Ct. at 1262 ("In a case where a manufacturer seeks to protect arbitrary, incidental, or ornamental aspects of features of a product . . ., such as arbitrary curves in the legs or an ornamental pattern painted on the springs, a different result might obtain.").

Accordingly, Vantage has failed to establish that the *overall design* is not arranged in an arbitrary, incidental, or ornamental way, and genuine issues of fact remain on whether the overall design of the Mark is functional.[2]  Vantage's Motion for Partial Summary Judgment will be denied.

---

[2] Beall's design is federally registered, and that registration provides *prima facie* evidence that its trade dress is nonfunctional. *See* Fuji Kogyo, 461 F.3d at 683; Tie Tech, 296 F.3d at 782-85.  Therefore, Vantage, as the challenger on summary judgment, must demonstrate as a matter of law that the registered trade dress is functional.

7

Vantage's Motion to Seal Certain Exhibits (Document No. 63) is GRANTED, without prejudice to Beall separately moving to unseal the exhibits if there is cause for such.

Vantage's Motion to Exclude Defendant's Designated Experts (Document No. 103) is DENIED.

### III.  Order

Accordingly, it is

ORDERED that Defendant Beall Corporation's Motion for Continuance (Document No. 70) is DENIED, Plaintiff Vantage Trailers, Inc.'s Motion to Seal Certain Exhibits to its Motion for Summary Judgment (Document No. 63) is GRANTED, and its Motion for Partial Summary Judgment (Document No. 67) and Motion to Exclude Defendant's Designated Experts (Document No. 103), are both DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 2nd day of June, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

8